IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                    CR.NO. 13-50028

SHAWN DEVLIN JONES                          DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is a 28 U.S.C. § 2255 motion filed by the Defendant/Movant Shawn Devlin Jones (hereinafter "the Defendant"). (Doc. 34). The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

On May 13, 2013, Defendant pled guilty, pursuant to a written plea agreement (Doc. 13), to Count Four of the Indictment, charging him with possession with intent to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On February 28, 2014, a judgment was entered sentencing the Defendant to 135 months imprisonment, five years supervised release, a $17,500.00 fine, and a $100.00 special assessment. (Doc. 27)[1] Defendant did not file a direct appeal.

---

[1] On June 10, 2015, an order was entered pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2), reducing Defendant's sentence to 108 months imprisonment. (Docs. 32, 33.)

-1-

On March 27, 2017, Defendant filed the § 2255 motion now before the Court, asserting that his counsel was ineffective in failing to seek a safety-valve reduction, failing to seek "expulsion" of his fines based on his inability to pay, and failing to file an appeal as requested by the Defendant.

A one-year period of limitation applies to § 2255 motions. See 28 U.S.C. § 2255(f). As relevant to the instant case, that period began to run from the later of either "the date on which the judgment of conviction [became] final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4).

Defendant's judgment was entered on February 18, 2014, and his conviction became final 14 days thereafter, on or about March 4, 2014, which was when the period for filing a direct appeal expired. See United States v. Plascencia, 537 F.3d 385, 388-90 (5th Cir. 2008); Fed. R. App. P. 4(b)(1)(A). Thus, under § 2255(f)(1), the Defendant had one year from this date – until March 4, 2015 – to file his § 2255 motion. The Defendant's motion was not filed until over two years past this deadline, on March 27, 2017.

It is certainly possible that the Defendant did not immediately realize that his counsel failed to file an appeal. To determine whether this fact might entitle the Defendant to

AO72A
(Rev. 8/82)

invoke the statute of limitations contained in § 2255(f)(4), the Court must determine when a duly diligent person in the Defendant's circumstances would have discovered that no appeal had been filed. Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008). The Defendant did not file his § 2255 motion until over three years after he was sentenced. The Court believes that a duly diligent person in the Defendant's circumstances would have discovered counsel's failure to file a notice of appeal well before three years had elapsed. Cf. id. at 818-19 (petitioner failed to demonstrate due diligence under § 2255(f)(4) where he did not use reasonable efforts to discover that no appeal had been filed, but rather, waited an entire year to contact his attorney regarding appeal; further, fact that appeal had not been filed was a matter of public record).

Based upon the foregoing, the undersigned hereby recommends that Defendant's **§ 2255 motion (Doc. 34) be DENIED** as untimely.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied,

AO72A
(Rev. 8/82)

525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of April, 2017.

/s/ *Erin L. Wiedemann*
HONORABLE. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**