# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                  **PLAINTIFF/RESPONDENT**

**V.**                  **CASE NO. 5:13-CR-50028-001**

**SHAWN DEVLIN JONES**                  **DEFENDANT/PETITIONER**

## OPINION AND ORDER

Now pending before the Court is the Report and Recommendation ("R&R") (Doc. 36) filed in this case on April 24, 2017, by the Honorable Erin L. Wiedemann, United States Magistrate Judge for the Western District of Arkansas. Judge Wiedemann recommends dismissing Petitioner Shawn Devlin Jones's Motion to Vacate (Doc. 34) under 28 U.S.C. § 2255, due to untimely filing. As explained in the R&R, Mr. Jones did not file a direct appeal of his conviction, so the judgment became final on March 4, 2014. The deadline for him to file a motion to vacate under Section 2255 was one year from that date, or March 4, 2015. He did not file his Motion to Vacate until March 27, 2017, over two years past the deadline.

The deadline to file objections to the R&R was May 11, 2017, but Mr. Jones submitted late objections on May 15, 2017. *See* Doc. 37. Despite the fact that his objections were untimely filed, the Court considered them and conducted a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1)(C). In reviewing the objections, the Court finds that Mr. Jones clearly agrees that his Motion to Vacate was untimely filed, but he asserts that the one-year deadline should be tolled in his case due to "his Attorney's extraordinary circumstances . . . ." (Doc. 37, p. 1). In other words, he argues that his

attorney's affirmative misconduct prior to and during sentencing should serve to toll the deadline on filing the Motion to Vacate.

Mr. Jones uses his objections to document in detail the individual acts of attorney misconduct or misadvice that he claims contributed to his delay in filing the instant Motion. The problem with his tolling argument is that he admits he was aware of each such act of misconduct or misadvice at time of sentencing, if not well before. He also admits that he communicated to his attorney his strong disagreement with his advice "several times," at or around the time of sentencing. *See id.* at 1-2. Tellingly, Mr. Jones never argues that he labored under a mistaken belief that his attorney had filed a direct appeal of his sentence, and that this mistaken belief was the reason Mr. Jones delayed in filing his Motion to Vacate. Instead, the only reason he offers for the two-year delay is that he "was under the impression that he had no other choice about any proceedings in this case until he began to study the law himself in January of 2017," *id.* at 1. This rationale will not suffice to toll the limitations period, and Mr. Jones' objections are **OVERRULED**.

Accordingly, **IT IS ORDERED** that the R&R (Doc. 36) is **ADOPTED IN ITS ENTIRETY**, and Petitioner's Motion to Vacate (Doc. 34) under 28 U.S.C. § 2255 is **DENIED and DISMISSED**. For the reasons stated in the R&R, any subsequent request for a Certificate of Appealability will be **DENIED**.

**IT IS SO ORDERED** on this \_\_\_7TH\_\_\_ day of June, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE