IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          Case No. 13-50028-001

SHAWN DEVLIN JONES                                                    DEFENDANT

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is the Defendant's **Motion for Reduction of Sentence (In Particular Fine Imposed) (Doc. 40)**. The Court, being and well and sufficiently advised, finds and orders as follows with respect thereto:

On May 13, 2013, Defendant pled guilty, pursuant to a written plea agreement (Doc. 13), to Count Four of the Indictment, charging him with possession with intent to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On February 28, 2014, a judgment was entered sentencing the Defendant to 135 months imprisonment, five years supervised release, a $17,500.00 fine, and a $100.00 special assessment. (Doc. 27.)[1] The Defendant did not file a direct appeal. He did file a 28 U.S.C. § 2255 motion, but it was denied as untimely. (Docs. 36, 38.)

In the motion now before the Court, the Defendant requests that the Court adjust or extinguish his fine, asserting, essentially that it is excessive and he cannot afford to pay it.

---

[1] On June 10, 2015, an order was entered pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2), reducing Defendant's sentence to 108 months imprisonment. (Docs. 32, 33.)

In the caption of his motion, Defendant cites "Rule 4, Appeal as a Right When Taken Under Rule 60 Resulting in Rule 52(b)." Defendant cannot seek relief from his fine under any of the cited rules.

This is not a direct appeal of Defendant's conviction and, thus, Defendant cannot seek relief under Rule 4 of the Federal Rules of Appellate Procedure. Defendant likewise cannot seek relief under Rule 60 of the Federal Rules of Civil Procedure, as Rule 60 exists to correct a civil and not a criminal judgment. See United States v. Totaro, Case No. CR99-40137-01-RAL, 2013 WL 3766527, * 2 (D. S.D. July 16, 2013). Rule 52(b) of the Federal Rules of Criminal Procedure establishes a standard of review in a direct appeal and does not provide a mechanism for seeking relief from a fine. See United States v. Guerra-Carpio, 2013 WL 3897269, *1 (D. Minn. June 13, 2013).

The statutory authorization to petition for remission or modification of a fine is 18 U.S.C. § 3573, but it is only available to the Government and not the Defendant. See United States v. Chacon-Vega, 2008 W.L. 313612, *1 (8th Cir. 2008). Further, as defendant is not in custody in this district, he cannot seek relief under 28 U.S.C. § 2241 in this Court. See id. Finally, a challenge to the imposition of a fine is not cognizable in a 28 U.S.C. § 2255 proceeding. See id.

Accordingly, the Court lacks jurisdiction over the Defendant's **Motion for Reduction of Sentence (In Particular Fine Imposed) (Doc.**

40).  The undersigned, therefore, recommends that the motion be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25TH day of January, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE